```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x    FOR PUBLICATION
                                                           :
In re:                                                     :
                                                           :    Chapter 7
                                                           :    Case No. 10-13652 (MG)
GEORGE VANARTHOS AND CHRISTINA                             :
VANARTHOS,                                                 :
                                                           :
                                                           :
                             Debtors.                      :
------------------------------------------------------------x
                                                           :
CHASE BANK, U.S.A., N.A.,                                  :
                                                           :
                                                           :
                             Plaintiff,                    :
                                                           :
                                                           :
                      vs.                                  :    Adv. Proc. No. 10-03763 (MG)
                                                           :
CHRISTINA VANARTHOS.                                       :
                                                           :
                             Defendant.                    :
------------------------------------------------------------x
```

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

*A P P E A R A N C E S:*

DWYER & ASSOCIATES, LLC
*Attorneys for Defendants*
11 Broadway, Suite 615
New York, NY 10004
By:    Ehsanul Habib, Esq.

WEINSTEIN & RILEY, P.S.
*Attorneys for Plaintiff Chase Bank, U.S.A., N.A.*
14 Penn Plaza, Suite 1300
New York, NY 10122
By:    Kenneth S. Jannette, Esq.

**MARTIN GLENN**
**United States Bankruptcy Judge**

       Before the Court is the motion (the "Motion") filed by the debtors, Christina and George

Vanarthos ("Debtors"), to dismiss the adversary proceeding complaint ("Complaint," ECF #1)

for failure to state a claim upon which relief can be granted pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, incorporating by reference Rule 12(b)(6) of the Federal Rules of Civil Procedure. The adversary proceeding was filed by Chase Bank, U.S.A., N.A. ("Chase" or "Plaintiff") on September 27, 2010, seeking a determination of nondischargeability of the debt owed by Christina Vanarthos ("Defendant") to Chase pursuant to 11 U.S.C. § 523(a)(2)(A). On October 20, 2010, the Debtors moved to dismiss the Complaint.[1] (ECF # 5.) Chase filed a response to the Motion on November 19, 2010. ("Response," ECF # 7.) The Court heard oral argument on the Motion on December 1, 2010, and took the matter under submission. For the reasons explained below, the Motion is granted, but with leave to amend the Complaint.

## BACKGROUND

The Plaintiff seeks a monetary judgment in the amount of $3,723.00, plus accrued interest, and an order determining that the credit card charges accrued by the Defendant prior to the filing of the Debtors' chapter 7 bankruptcy petition in the same amount are nondischargeable under 11 U.S.C. § 523(a)(2)(A). (Complaint at p. 3-4.) The Plaintiff also seeks attorneys' fees incurred by the Plaintiff in bringing and sustaining the action. (*Id.*) The Complaint asserts the following:

1. Defendant incurred charges and cash advances totaling $41,095.35 as of the petition date, July 9, 2010, on a credit card issued by Plaintiff (Complaint ¶ 1, 5);

2. Between March 3, 2010 and April 6, 2010, Defendant accumulated $3,723.00 in retail charges (Complaint ¶ 6);

3. By obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on their account, Defendant represented an intention to repay the amounts charged in

---

[1] The Complaint only names Christina Vanarthos as the defendant in the case caption, refers to "Defendant" in the singular throughout the Complaint, and it only seeks relief against her as a defendant. An answer and a motion to dismiss were filed by George *and* Christina Vanarthos, and both the answer and the Motion changed the caption to include both of them as defendants. Chase's response to the Motion continues to use the caption showing that the only defendant is Christina Vanarthos. The Complaint controls; the Court presumes that the only defendant is Christina Vanarthos.

accordance with the terms and conditions set forth in the account agreement (Complaint ¶ 10);

4. Each and every time Defendant used the credit line available in the account, Defendant represented that Defendant had the ability and intent to repay the credit which was advanced by Plaintiff (Complaint ¶ 11);

5. Defendant made such representations with the intention and purpose of deceiving Plaintiff into extending and continuing to extend the credit line (Complaint ¶ 12);

6. Defendant incurred the debts when she had no ability or objective intent to repay them, or incurred the debt with reckless disregard as to the belief that Defendant could repay the debt to Plaintiff (Complaint ¶ 14);

7. Defendant was already insolvent at the time of the cash advances and purchases, and did not have the present ability or realistic future possibility to repay the debt (Complaint ¶ 15);

8. Defendant obtained credit extended by the Plaintiff based on false pretenses, false representations and/or actual fraud by accepting the benefits of the credit line without ever intending to repay it (Complaint ¶ 16);

9. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $3,723.00 (Complaint ¶ 17);

10. Plaintiff justifiably relied upon Defendant's representations of repayment and was induced to lend money and/or extend credit to Defendant by said misrepresentations (Complaint ¶ 18).

In support of the Motion, the Defendant argues that the Complaint fails to plead facts with particularity as required by Federal Rule of Civil Procedure 9(b) to establish the requisite factual showing of fraud under section 523(a)(2)(A) of the Bankruptcy Code. In its Response, the Plaintiff relies on additional facts not alleged in the Complaint to assert that the Defendant acted with actual fraud when the Defendant made the charges with no intention of paying for the goods or services.

The Court concludes that the Complaint fails to plead fraud with particularity as required by Rule 9(b). Because the Response includes facts that may be sufficient to state a claim, the Motion is granted with leave to amend the Complaint within thirty (30) days.

## DISCUSSION

### A. Standard For A Motion to Dismiss

#### 1. Federal Rule of Civil Procedure 8(a)

FED. R. CIV. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Courts deciding motions to dismiss must draw all reasonable inferences in favor of the nonmoving party and must limit their review to facts and allegations contained in (1) the complaint, (2) documents either incorporated into the complaint by reference or attached as exhibits, and (3) matters of which the court may take judicial notice. *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Courts also consider documents not attached to the complaint or incorporated by reference, but "upon which the complaint *solely* relies and which *[are] integral to the complaint*." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotation marks omitted; emphasis in original) (quoting *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)); *see also Kalin v. Xanboo, Inc.*, No. 04 Civ. 5931(RJS), 2009 WL 928280, at *8 (S.D.N.Y. Mar. 30, 2009) (Sullivan, J.); *Grubin v. Rattet (In re Food Mgmt. Grp.)*, 380 B.R. 677, 690 (Bankr. S.D.N.Y. 2008) (holding that a court may consider documents that have "not been incorporated by reference where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint") (internal quotation marks omitted).

Following the Supreme Court's decision in *Ashcroft v. Iqbal*, courts use a two-prong approach when considering a motion to dismiss. *See, e.g.*, *Weston v. Optima Commc'ns Sys., Inc.*, No. 09 Civ. 3732(DC), 2009 WL 3200653, at *2 (S.D.N.Y. Oct. 7, 2009) (Chin, J.) (acknowledging a "two-pronged" approach to deciding motions to dismiss); *S. Ill. Laborers' and Employers Health and Welfare Fund v. Pfizer, Inc.*, No. 08 CV 5175(KMW), 2009 WL 3151807, at *3 (S.D.N.Y. Sept. 30, 2009) (Wood, J.) (same); *Inst. for Dev. of Earth Awareness v. People for the Ethical Treatment of Animals*, No. 08 Civ. 6195(PKC), 2009 WL 2850230, at *3 (S.D.N.Y. Aug. 28, 2009) (Castel, J.) (same). First, the court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed in the factual garb. *Iqbal*, 129 S.Ct. at 1949–50; *Boykin v. Keycorp*, 521 F.3d 202, 204 (2d Cir. 2008); *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008). Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1951.

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Meeting the plausibility standard requires a complaint to plead facts that show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A complaint that only pleads facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550

5

U.S. at 555 (internal quotation marks omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### 2. Federal Rule of Civil Procedure 9(b)

When fraud is pleaded, as it is in this nondischargeability adversary proceeding, FED R. CIV. P. 9(b) requires the plaintiff to plead fraud with particularity. *See American Express Travel Related Servs. Co. v. Henein*, 257 B.R. 702, 707 (E.D.N.Y. 2001). Pursuant to Rule 9(b) "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED R. CIV. P. 9(b). The Second Circuit has stated that "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 51 (2d Cir. 1995) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). Although the second part of Rule 9(b) permits *scienter* to be pleaded generally, the pleader must "allege facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Plaintiffs may not allege "fraud by hindsight." *See id.* at 1129 (quoting *Denny v. Barber*, 576 F.2d 465, 470 (2d Cir. 1978) (Friendly, J.)). A strong inference of fraudulent intent "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* at 1128; *accord ATSI Commc'ns, Inc.*, 493 F.3d 87, 99 (2d Cir. 2007).

Rule 9(b) imposes additional limitations. For example, a pleader cannot allege fraud based upon information and belief unless the facts are "peculiarly within the opposing party's

knowledge." *Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir. 1974), *cert. denied*, 421 U.S. 976 (1975), *overruled on other grounds by Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1100 n.9 (1991); *accord Campaniello Imps., Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 664 (2d Cir. 1997). In those cases, the pleader must nonetheless allege facts upon which the belief is founded. *Campaniello Imps.*, 117 F.3d at 664.

As the Complaint in this case alleges that the Defendant obtained credit by "false pretenses, a false representation or actual fraud" under section 523(a)(2)(A), the Plaintiff bears the burden of alleging "facts that give rise to a strong inference of fraudulent intent." *Acito*, 47 F.3d at 52.

### B. Nondischargeability Pursuant to Section 523(a)(2)(A)

Chase seeks to have its debt declared nondischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code. Section 523(a)(2)(A) provides:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt–
>
> (2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained, by–
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]

11 U.S.C. § 523(a)(2)(A).

As this Court explained in *Wharton v. Shiver (In re Shiver)*, 396 B.R. 110 (Bankr. S.D.N.Y. 2008), "[t]he elements of a § 523(a)(2)(A) fraud claim are well established. The elements of actual fraud under Bankruptcy Code incorporate the general common law of torts and likewise include a false representation, scienter, reliance, and harm." *Id.* at 127 (quoting *Evans v. Otimo*, 469 F.3d 278, 283 (2d Cir. 2006) (internal quotation marks omitted)); *see also*

7

*Field v. Mans*, 516 U.S. 59, 70 n.9 (1995) ("We construe the terms in § 523(a)(2)(A) to incorporate the general common law of torts, the dominant consensus of common-law jurisdictions, rather than the law of any particular State."); 4 COLLIER ON BANKRUPTCY ¶ 523.08[1][d] – [e] (16th ed. rev. 2010). The burden is on the plaintiff to establish each element of the statute by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287 (1991) (applying a preponderance of the evidence standard for actions involving the exceptions to discharge in bankruptcy); *see also In re Reisman*, 149 B.R. 31, 37 (Bankr. S.D.N.Y. 1993).

In order to succeed on a cause of action under section 523(a)(2)(A), a creditor must establish the following elements:

> (i) The debtor made a false representation;
>
> (ii) At the time the representation was made, the debtor knew it was false;
>
> (iii) The debtor made the representation with the intention of deceiving the creditor;
>
> (iv) The creditor justifiably relied on the representation; and
>
> (v) The creditor sustained loss or damage as the proximate consequence of the false, material misrepresentation.

*In re Giuffrida*, 302 B.R. 119, 123 (Bankr. E.D.N.Y. 2003); *see also In re Jacone*, 156 B.R. 740, 743 (Bankr. S.D.N.Y. 1993).

Courts have recognized the difficulty in determining the dischargeability of credit card debt because there is little "direct, purposeful contact between the credit card issuer . . . and the credit card holder (the Debtor) either at the inception or over the course of the relationship between the parties." *In re Akdogan*, 204 B.R. 90, 94 (Bankr. E.D.N.Y. 1997). Moreover, pleading fraud in the context of credit card nondischargeability actions may be difficult to prove because "few men will admit to a fraudulent intent." *In re Pannell*, 27 B.R. 298, 302 (Bankr.

8

E.D.N.Y. 1983). "Absent such circumstances, the debtor's state of mind is difficult to prove and the inference of fraudulent intent is generally established through the use of circumstantial evidence." *Henein*, 257 B.R. at 705 (citing *In re Senty*, 42 B.R. 456, 459 (Bankr. S.D.N.Y. 1984)). To assist the court in inferring the debtor's intent, courts have adopted a non-exclusive list of objective or circumstantial factors, including:

> (1) The length of time between the charges and the filing of bankruptcy;
>
> (2) Whether an attorney has been consulted concerning the filing of the bankruptcy before the charges were made;
>
> (3) The number of charges;
>
> (4) The financial condition of the debtor when the charges were made;
>
> (5) Whether the charges exceeded the credit limit of the account;
>
> (6) Whether there were multiple charges on the same day;
>
> (7) Whether the debtor was employed;
>
> (8) The financial sophistication of the debtor;
>
> (9) Whether the debtor's spending habits suddenly changed;
>
> (10) Whether the purchases were made for luxuries or necessities.

*See Senty*, 42 B.R. at 460; *Henein*, 257 B.R. at 706. Other factors that have been considered are the debtor's lack of ability to repay the debt, *see Bank of America v. Jarczyk*, 268 B.R. 19, 23 (W.D.N.Y. 2001), and whether the debtor was "hopelessly insolvent" at the time the charges were incurred, *see Pannell*, 27 B.R. at 302.

### C. The Complaint Fails to Plead Fraud With Particularity

The Plaintiff has failed to state a claim upon which relief may be granted because the facts adduced in the Complaint do not "state a claim to relief that is plausible on its face." *Iqbal*,

129 S.Ct. at 1949. The Complaint includes little other than a ritual incantation of the elements of a claim for denial of a discharge based on fraud, with no facts to support the inferences the Court is required to draw if it is to sustain the Complaint. As required by Rule 9(b), Plaintiff has not established "the circumstances constituting fraud or mistake," nor has it made any specific allegations of intent to defraud or actual fraud on the part of the Defendant. FED. R. CIV. P. 9(b); *see Acito*, 47 F.3d at 51–52.

The Complaint merely recites general facts relating to the range of dates of the credit card purchases, the amount in the aggregate of the retail charges and the date of the filing of the petition. Specifically, the Complaint asserts that the Defendant incurred $3,723.00 in retail charges during a 36-day period between 130 days and 94 days before the filing of the bankruptcy petition; and incurred a total of $41,095.35 in unpaid charges, including interest, as of the date of the filing of the petition.[2] (Complaint ¶¶ 1, 5, 6.) The Complaint is completely devoid of any facts indicating circumstantial evidence that the Defendant intended to defraud the Plaintiff at the time the charges were incurred.[3] There is no mention of the Defendant's spending habits, the number of charges made from March 3, 2010 to April 6, 2010, the employment history of the Defendant, or the initial credit limit on the credit card. Without additional facts, the Court cannot determine whether an appropriate inference can be drawn that the Defendant had fraudulent intent at the time the charges accrued. *See Henein*, 257 B.R. at 706. The Complaint,

---

[2] The Plaintiff cannot rely on the presumption regarding the nondischargeability of credit card debt incurred within 90 days of the filing of the petition because, according to the Complaint, the charges were incurred outside the 90-day look-back period. *See* 11 U.S.C. § 523(a)(2)(C)(i)(I) ("consumer debts owed to a single creditor and aggregating more than $550 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable"). The absence of the presumption means that the creditor must establish the elements of fraud to prevail in this adversary proceeding.

[3] For purposes of this Motion, the Court may not consider the new facts presented in the Plaintiff's objection that are not in the Complaint. *See Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) ("Our consideration is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference.") (citing *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)).

as filed, is nothing more than a bald assertion that the Defendant has committed fraud. "To allow the type of naked pleading presented here would open the doors of litigation to virtually every credit card company seeking nondischarge of debt, on the basis of fraud, simply because the debt was incurred several months prior to the bankruptcy filing and it exceeded the debtor's income." *Henein*, 257 B.R. at 707.

The *Henein* case is instructive. The district court affirmed the decision of the bankruptcy court to dismiss the complaint based on the bare-bones nature of the nondischargeability complaint. *Id.* at 707. The complaint merely stated that the credit card company was a creditor of the debtor, the debtor incurred additional charges within several months of the bankruptcy filing, and the debtor had insufficient income or assets from which he could expect to pay his bill. *Id.* at 705. With respect to the debtor's state of mind, the credit card company argued that the debtor knew he was unable to pay his bill and he did not intend to pay. *Id.* In affirming the dismissal of the complaint, the court noted that the credit card company merely "indicated Henein's income, his total debt load, the dates and amounts of the charges incurred, and attached the relevant statements." *Id.* at 707. The court concluded that "none of the recited facts present the circumstantial evidence necessary to infer an intent to deceive," and upheld the dismissal of the complaint pursuant to Rule 12(b)(6). *Id.* The court also found that "merely alleging that Henein's credit card debt exceeded his income at the time 'does not per se render a debt nondischargeable.'" *Id.* (quoting *In re Welch*, 208 B.R. 107, 110 (S.D.N.Y. 1997)); *see also In re Carrier*, 181 B.R. 742, 749 (Bankr. S.D.N.Y. 1995) ("financial hardship alone is insufficient to support a conclusion that the debtor intended to defraud creditors").

As in *Henien*, the Complaint here fails to establish a sufficient factual basis on which the Court can glean circumstantial evidence of the Defendant's alleged fraudulent intent. The

Complaint merely states that the creditor had a claim against the Defendant who accumulated additional credit card debt shortly in advance of the bankruptcy filing.  The Complaint is very short on facts and very long on conclusory legal allegations regarding the Defendant's intention at the time the charges were incurred.  Thus, the Complaint does not meet the particularity requirements of Rule 9(b) that places the burden on the Plaintiff to specifically plead facts giving rise to the required inference of fraud to sustain the nondischargeability claim under section 523(a)(2)(A).

However, the Plaintiff's Response to the Motion does provide additional facts that are not in the Complaint, including the number of credit charges, the Defendant's payment history, credit limit, employment, income and expenses, and spending habits, among other things.  These facts cannot be considered here, but they do support granting Plaintiff leave to amend the Complaint.

## CONCLUSION

The allegations in the Complaint are insufficient to withstand a motion to dismiss.  Nevertheless, the response to the Motion posits additional facts which, if properly alleged in an amended complaint, may sufficiently state a claim.  Therefore, the Complaint is dismissed with leave to amend within thirty (30) days.

**IT IS SO ORDERED.**

Dated: December 2, 2010
    New York, New York

                                                   ____/s/Martin Glenn_____
                                                            MARTIN GLENN
                                           United States Bankruptcy Judge