**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | |
|---|---|
| In re:<br><br>GEORGE VANTHAROS AND CHRISTINA VANARTHOS<br><br>      Debtor.<br><br><br><br>CHASE BANK USA, N.A.<br><br>      Plaintiff,<br>  vs.<br><br>CHRISTINA VANARTHOS,<br><br><br><br>      Defendant. | Chapter 7<br><br>Bankruptcy No. 10-13652 (MG)<br><br>Adversary Case No 10-03763 (MG).<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT U.S.C. §523(a) (2) (A) |

**COMPLAINT TO DETERMINE
THE DISCHARGEABILITY OF DEBT
AND FOR JUDGMENT**

Plaintiff, through its attorney, Glenn D. Miller Of Counsel, states as follows:

## I. PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by Chase Bank USA, N.A. pursuant to 11 U.S.C. § 523.

2. Plaintiff is a foreign corporation licensed to do business in the State of New York with all fees and licenses paid, and otherwise is entitled to bring this action.

3. Defendant filed a Chapter 7 bankruptcy petition on 07/09/2010.

4. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. §523; this matter is a core proceeding.

5. Plaintiff is a creditor in this bankruptcy proceeding.

## II. CAUSE OF ACTION

6. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

7. Plaintiff has attempted to resolve this matter prior to filing this complaint, by contacting the Defendant's attorney.

8. At all times mentioned, Plaintiff granted to Defendant an extension of credit in the form of a credit card bearing Account No. XXXXXXXXXXXX9727.

9. Defendant utilized the aforementioned line of credit, creating a balance due and owing on this account of $41,095.35, including interest as of the date the bankruptcy petition was filed.

10. Specifically for account number XXXXXXXXXXXX9727 between 03/03/2010 and 04/06/2010 Defendant incurred $3,723.00 in retail charges.

11. As a result of the above activity, the account credit limit was exceeded.

12. At the time the Defendants incurred charges on their account, they were cognizant of their inability to repay the charges incurred on the line of credit.

13. Pursuant to *American Express Travel Related Servs. CO v. Henein,* 257 B.R. 702 and *In re Senty,* 42 B.R. 456, the 2nd Circuit has adopted a nonexclusive list of objective and circumstantial factors to prove debtors fraudulent intent, including but not limited to:

    (1) The length of time between the charges and the filing of bnakruptcy;

    (2) Whether an attorney has been consulted concerning the filing of the bankruptcy before the charges were made;

    (3) The number of charges;

    (4) The financial condition of the debtor when the charges were made;

    (5) Whether the charges exceeded the credit limit of the account;

(6) Whether there were multiple charges on the same day;

(7) Whether the debtor was employed;

(8) The financial sophistication of the debtor;

(9) Whether the debtor's spending habits suddenly changed;

(10) Whether the purchases were made for luxuries or necessities.

See *Senty,* 42 B.R. at 460; *Henien* 257 B.R. at 706.

14. **Debtor is charged with financial sophistication as her co-filing spouse is a paralegal with a prominent New York law firm and as such knew or should have known of their inability to repay the charges as they were incurred.**

15. Upon information and belief, debtors had access to legal advice during the time they accumulated in excess of $41,000.00 in charges on the acocunt in quesiton, and a total amount of unsecured debt in the sum of $88,182.00.

16. The charges of $3,723.00 in a period of 54 days suggests a signifcant spike in debtor's spending habits.

17. Debtor made **zero** payments during of subsequent to this time frame.

18. Defendant exceeded her credit limit by over $5,000.00.

19. Debtor availed herself of the last vestiges of credit on the account in question, with a credit limit of $35,000.00 while failing to make any payments on this account.

20. At all times hereinafter mentioned, debtor's monthly expenses excceded their monthly income by $120.00.

21. Based upon their Schedule F and the $88,182.00 of unsecured debt on 6 separate credit cards, debtor required to remit payments between $1,763.00 and $2,645.00, based upon the standard industry monthly minimum payments.

22. Debtor had no tangible personal property nor equity in any real property to satisfy this obligation, nor any other obligation.

23. There were multiple charges on the same day (See account history attached herewith).

24. Defendant had to be cognizant of the fact that they did not have the ability to repay the debt in full to Plaintiff or any other credit card issuer.

25. By reason of the foregoing, Defendant obtained money from the Plaintiff through false pretenses, false representations and actual fraud.

26. Defendant, therefore, had a specific intent to defraud Plaintiff by accepting the benefits of the cash advances and/or purchases without ever intending to repay the same.

27. Defendant's actions constitute material misrepresentations of the facts.

28. Defendant intended for Plaintiff to rely on those misrepresentations.

29. Plaintiff did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations.

30. Prior to the activity in question, Defendant made two minimum monthly payments causing plaintiff to mistakenly believe that Defendant was financially solvent and with the result and effect of not raising any red flags on this account.

31. Plaintiff relied on Defendant's misrepresentations.

32. Defendant's debt is a "consumer debt", as defined by 11 U.S.C.§ 101(8).

33. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $3,723.00.

    Pursuant to 11 USC § 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $3,723.00.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $3,723.00.00, plus accrued interest at the contractual rate from and after 07/09/2010, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

DATED: December 29, 2010

WEINSTEIN & RILEY, PS

By:    Glenn D. Miller_____
      Weinstein & Riley, P.S.
      14 Penn Plaza
      Suite 1300
      New York, NY 10122
      Ph: 212-268-5540