**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:

GEORGE VANARTHOS AND CHRISTINA
VANARTHOS,

                    Debtors.

------------------------------------------------------------x

CHASE BANK, U.S.A., N.A.,

                    Plaintiff,

            vs.

CHRISTINA VANARTHOS.

                 Defendant.

------------------------------------------------------------x

**FOR PUBLICATION**

Chapter 7
Case No. 10-13652 (MG)

Adv. Proc. No. 10-03763 (MG)

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS**

*A P P E A R A N C E S:*

DWYER & ASSOCIATES, LLC
*Attorneys for Defendant*
11 Broadway, Suite 615
New York, NY 10004
By:    Tanya Dwyer, Esq.

WEINSTEIN & RILEY, P.S.
*Attorneys for Plaintiff Chase Bank, U.S.A., N.A.*
14 Penn Plaza, Suite 1300
New York, NY 10122
By:    Kenneth S. Jannette, Esq.

**MARTIN GLENN**
**United States Bankruptcy Judge**

        Before the Court is the motion to dismiss (the "Motion") filed by the defendant, Christina

Vanarthos (the "Defendant"), seeking dismissal of the adversary proceeding amended complaint

(the "Amended Complaint," ECF #9) for failure to state a claim upon which relief can be granted pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, incorporating by reference Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  In an opinion dated December 2, 2010 (the "Opinion"), the Court dismissed the initial complaint dated September 27, 2010 (the "Initial Complaint") because the Initial Complaint made conclusory legal allegations of fraud and did not meet the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure.  *Chase Bank, U.S.A., N.A. v. Christina Vanarthos (In re George Vanarthos and Christina Vanarthos)*, 440 B.R. 67 (Bankr. S.D.N.Y. 2010).  The Court granted the plaintiff, Chase Bank, U.S.A., N.A. ("Chase"), leave to amend the Initial Complaint within thirty (30) days on the theory that the Chase's response to the Defendant's initial motion posited additional facts which, if properly alleged in an amended complaint, may have sufficiently stated a claim. Chase filed the Amended Complaint on December 29, 2010.  The Court heard oral argument on the Motion on March 1, 2011 and took the matter under submission.  For the reasons explained below, the Motion to dismiss is denied.

## BACKGROUND

The adversary proceeding was brought by Chase on September 27, 2010, seeking a determination of nondischargeability of the debt owed by Defendant pursuant to 11 U.S.C. § 523(a)(2)(A).  Chase seeks, among other things, a monetary judgment in the amount of $3,723.00, plus accrued interest, and an order determining that the credit card charges charged by the Defendant prior to the filing of the Debtors' chapter 7 bankruptcy petition in the same

---

[1]     Notwithstanding the Court's observation in the Opinion that the initial motion to dismiss filed in this adversary proceeding improperly captioned both debtors, Christina and George Vanarthos (the "Debtors"), as parties in the adversary proceeding, the Motion fails to correct such error.  Chase's response to the Motion properly uses the caption showing that the only defendant is Christina Vanarthos.  As previously noted, the Complaint controls and the Court presumes that the only defendant is Christina Vanarthos.

2

amount are nondischargeable under 11 U.S.C. § 523(a)(2)(A).[2] (Am. Compl. 5.)  Chase asserts

that the Defendant: (i) defrauded Chase by accepting the benefits of the credit card without the

intent to repay; and (ii) falsely represented her intention to repay $3,723.00 in credit card charges

incurred by the Defendant between March 3, 2010 and April 6, 2010, more than three months

prior to the filing of the Debtors' bankruptcy petitions.[3]

    This is the second motion to dismiss considered by the Court in this adversary

proceeding.  The Court granted the Defendant's first motion to dismiss because the Initial

Complaint merely included a "ritual incantation of the elements of a claim for denial of

discharge based on fraud, with no facts to support the inferences the Court is required to draw if

it is to sustain the Complaint."  *In re Vanarthos*, 440 B.R. at 74.  The Initial Complaint recited

only general facts relating to the dates of the credit card purchases, the amount in the aggregate

of the retail charges and the date of the filing of the petition.  *Id.*  The Initial Complaint also

made conclusory legal assertions of the Defendant's intent to defraud Chase by making credit

card charges.  *Id.* at 70.  However, without additional facts indicating circumstantial evidence

that the Defendant intended to defraud Chase, the Initial Complaint failed to state a claim.  *Id.* at

75.  Chase's papers submitted in response to the Defendant's initial motion to dismiss included

additional facts not apparent on the face of the Initial Complaint, including bank statements that

persuaded the Court that allowing Chase an opportunity to amend the Initial Complaint was

---

[2]    As noted in the Opinion, Chase cannot rely on the presumption regarding nondischargeability of credit card debt incurred within 90 days of the filing of the petition because, according to the Amended Complaint, the charges were incurred outside the 90-day look-back period.  *See* 11 U.S.C. § 523(a)(2)(C)(i)(I) ("consumer debts owed to a single creditor and aggregating more than $550 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable.").

[3]    The Amended Complaint seeks an order of the Court declaring that $3,723.00 is nondischargeable debt. (Am. Compl. 5.)  However, Chase's response to the Motion indicates that $3,813.91 was charged to the credit card during the relevant time period.  (Chase's Resp. to Mot. To Dismiss ¶ 7.)  Again, the Amended Complaint controls, and the Court presumes that Chase is not seeking to deny discharge of $90.91 of charges incurred by the Defendant.

appropriate. *Id.* at 76 (stating that "the response to the Motion posits additional facts which, if properly alleged in an amended complaint, may sufficiently state a claim.").

The Amended Complaint asserts, among others, the following relevant facts:

1. Chase granted Defendant an extension of credit in the form of a credit card (Am. Compl. ¶ 8);

2. Defendant utilized the aforementioned line of credit, creating a balance due and owing on this account of $41,095.35, including interest as of the date the bankruptcy petition was filed (Am. Compl. ¶ 9);

3. Charges between March 3, 2010 and April 6, 2010 totaled $3,723.00 (Am. Compl. ¶ 10);

4. Defendant is charged with financial sophistication as her co-filing spouse, George Vanarthos, is a paralegal with a prominent New York law firm and as such knew or should have known of their inability to repay the charges as they were incurred (Am. Compl. ¶ 14);

5. Upon information and belief, Debtors had access to legal advice during the time they accumulated in excess of $41,000 in charges in the account in question, and a total amount of unsecured debt in the sum of $88,182 (Am. Compl. ¶ 15);

6. The charges of $3,723 were incurred within in a period of 34 [sic] days (Am. Compl. ¶ 16);

7. Defendant exceeded her credit limit by over $5,000 (Am. Compl. ¶ 18);

8. Debtors' monthly expenses exceeded their monthly income by $120.00 (Am. Compl. ¶ 20);

9. Debtors had no tangible personal property nor equity in any real property to satisfy the obligation or any other obligation (Am. Compl. ¶ 22); and

10. There were multiple charges on the same day (Am. Comp. ¶ 23).

In addition, the Amended Complaint attaches as an exhibit a "Statement Facsimile" purporting to be an account statement for the Chase credit card used by the Defendant. At times, the Amended Complaint reads more like a legal brief – it lists the factors considered when inferring the debtor's intent to repay credit card charges and makes legal conclusions regarding the Defendant's specific intent to defraud. (Am. Compl. ¶ 13, 25, 26.)

4

In support of the Motion, the Defendant argues that the Amended Complaint fails to establish the requisite factual showing of fraud because the facts as stated in the Complaint do not support a finding that the Defendant represented her intent and present ability to pay the debts by continuing to incur charges on the credit card.  In response, Chase asserts—with confusing references to individuals not involved in this case—that the Amended Complaint alleges facts sufficient to state a claim for relief under 11 U.S.C. § 523(a)(2)(A).

The Court concludes that the Amended Complaint sets forth a "plausible entitlement to relief."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  The Amended Complaint alleges facts that, if proved at trial, may substantiate the conclusory allegation that the Defendant defrauded Chase and incurred the charges on the account without the present intent to repay. The Amended Complaint is not just a strict recitation of the elements of a nondischargeability action, as was the case in the Initial Complaint.  Accordingly, the Court denies the Motion to dismiss.

## DISCUSSION

### A.  Standard For Motion to Dismiss

FED. R. CIV. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, --- U.S. ----. 129 S.Ct. 1937, 1949 (2009).  Courts deciding motions to dismiss must draw all reasonable inferences in favor of the nonmoving party and must limit their review to facts and allegations contained in (1) the complaint, (2) documents either incorporated into the complaint by reference or attached as exhibits, and (3) matters of which the court may take judicial notice.  *Blue Tree Hotels Inv.*

(Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004);

Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).  Courts also consider

documents not attached to the complaint or incorporated by reference, but "upon which the

complaint *solely* relies and which *[are] integral to the complaint.*"  *Roth v. Jennings*, 489 F.3d

499, 509 (2d Cir. 2007) (internal quotation marks omitted; emphasis in original) (quoting *Cortec*

*Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)); *see also Kalin v. Xanboo,*

*Inc.*, No. 04 Civ. 5931(RJS), 2009 WL 928280, at *8 (S.D.N.Y. Mar. 30, 2009) (Sullivan, J.);

*Grubin v. Rattet (In re Food Mgmt. Grp.)*, 380 B.R. 677,  690 (Bankr. S.D.N.Y. 2008) (holding

that a court may consider documents that have "not been incorporated by reference where the

complaint relies heavily upon its terms and effect, which renders the document integral to the

complaint") (internal quotation marks omitted).

Following the Supreme Court's decision in *Ashcroft v. Iqbal*, courts use a two-prong

approach when considering a motion to dismiss.  *See, e.g., Weston v. Optima Commc'ns Sys.,*

*Inc.*, No. 09 Civ. 3732(DC), 2009 WL 3200653, at *2 (S.D.N.Y. Oct. 7, 2009) (Chin, J.)

(acknowledging a "two-pronged" approach to deciding motions to dismiss); *S. Ill. Laborers' and*

*Employers Health and Welfare Fund v. Pfizer, Inc.*, No. 08 CV 5175(KMW), 2009 WL

3151807, at *3 (S.D.N.Y. Sept. 30, 2009) (Wood, J.) (same); *Inst. for Dev. of Earth Awareness v.*

*People for the Ethical Treatment of Animals*, No. 08 Civ. 6195(PKC), 2009 WL 2850230, at *3

(S.D.N.Y. Aug. 28, 2009) (Castel, J.) (same).  First, the court must accept all factual allegations

in the complaint as true, discounting legal conclusions clothed in the factual garb.  *Iqbal*, 129

S.Ct. at 1949–50; *Boykin v. Keycorp*, 521 F.3d 202, 204 (2d Cir. 2008); *Spool v. World Child*

*Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008).  Second, the court must determine if

these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 129 S.Ct. at

1951.

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at

1950. A claim is plausible when the factual allegations permit "the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Meeting the

plausibility standard requires a complaint to plead facts that show "more than a sheer possibility

that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). A complaint that

only pleads facts that are "merely consistent with a defendant's liability" does not meet the

plausibility requirement. *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks

omitted)).

In deciding a motion to dismiss, the court may consider documents that are integral to the

complaint. *Roth*, 489 F.3d at 509. When documents contain statements that contradict

allegations in a complaint, the documents control and the court need not accept as true the

allegations in the complaint to the extent they are contradicted. *Id.* at 510–11. Where an

allegation in the complaint conflicts with other allegations, or where the plaintiff's own

pleadings are contradicted by other matters asserted or relied upon or incorporated by reference

by a plaintiff in drafting the complaint, the court is neither obligated to reconcile the pleadings

with the other matter nor accept the allegation in the pleadings as true in deciding a motion to

dismiss. *DeBlasio v. Merrill Lynch & Co., Inc.*, No. 07 Civ 318(RJS), 2009 WL 2242605, at *26

(S.D.N.Y. July 27, 2009) (citing *Koulkina v. City of New York*, No. 06 Civ. 11357(SHS), 2009

WL 210727, at *6 (S.D.N.Y. Jan. 29, 2009)); *Fisk v. Letterman*, 401 F. Supp. 2d 362, 368

(S.D.N.Y. 2005).

However, when fraud is pleaded in a complaint, a Rule 12(b)(6) motion should be
decided in light of the particularity requirements of Rule 9(b).  Pursuant to Rule 9(b) "in all
averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated
with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be
averred generally."  Fed. R. Civ. Pro. 9(b).  To satisfy the first part of Rule 9(b), the pleading
must set forth the alleged fraudulent statements, identity of the speaker, time and place of the
statements, and nature of the misrepresentation.  *See Acito v. IMCERA Grp., Inc.*, 47 F.3d 47,
51–52 (2d Cir. 1995).  Plaintiffs must allege facts that give rise to a strong inference of
fraudulent intent.  *Id.*

### B. Nondischargeability Pursuant to Section 523(a)(2)(A)

Section 523(a)(2)(A) provides:

> (a) A discharge under section 727 . . . does not discharge an individual
>     debtor from any debt-
>
> (2) for money, property, services, or an extension, renewal or
>     refinancing of credit, to the extent obtained by-
>
> (A)      false pretenses, a false representation, or actual fraud, other
>     than a statement respecting the debtor's . . . financial condition.

11 U.S.C. § 523(a)(2)(A).

As this Court explained in *Wharton v. Shiver (In re Shiver)*, 396 B.R. 110 (Bankr.
S.D.N.Y. 2008), "[t]he elements of a § 523(a)(2)(A) fraud claim are well established.  The
elements of actual fraud under Bankruptcy Code incorporate the general common law of torts
and likewise include a false representation, scienter, reliance, and harm."  *Id.* at 127 (quoting
*Evans v. Otimo*, 469 F.3d 278, 283 (2d Cir. 2006) (internal quotation marks omitted)); *see also
Field v. Mans*, 516 U.S. 59, 70 n.9 (1995) ("We construe the terms in § 523(a)(2)(A) to
incorporate the general common law of torts, the dominant consensus of common-law

jurisdictions, rather than the law of any particular State."); 4 COLLIER ON BANKRUPTCY ¶

523.08[1][d]–[e] (16th ed. rev. 2010). The burden is on the plaintiff to establish each element of

the statute by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287

(1991); *In re Reisman*, 149 B.R. 31, 37 (Bankr. S.D.N.Y. 1993). To sustain a cause of action

under this section, a creditor must establish the following:

> (i)  The debtor made a false representation;
>
> (ii)  At the time the representation was made, the debtor knew it was
>       false;
>
> (iii) The debtor made the representation with the intention of deceiving
>       the creditor;
>
> (iv) The creditor justifiably relied on the representation; and
>
> (v)  The creditor sustained loss or damage as the proximate
>       consequence of the false, material misrepresentation.

*See Chase Manhattan Bank, USA, N.A. v. Giuffrida*, 302 B.R. 119, 123 (Bankr. E.D.N.Y. 2003);

*DeRosa v. Jacone (In re Jacone)*, 156 B.R. 740, 743 (Bankr. S.D.N.Y. 1993).

Courts have recognized the difficulty in determining the dischargeability of credit card

debt because there is little "direct, purposeful contact between the credit card issuer . . . and the

credit card holder (the Debtor) either at the inception or over the course of the relationship

between the parties." *AT&T Universal Card Servs. Corp. v. Akdogan (In re Akdogan)*, 204 B.R.

90, 94 (Bankr. E.D.N.Y. 1997). Moreover, pleading fraud in the context of credit card

nondischargeability actions may be difficult because "few men will admit to a fraudulent intent."

*Mfrs. Hanover Trust Co. v. Pannell (In re Pannell)*, 27 B.R. 298, 302 (Bankr. E.D.N.Y. 1983).

"Absent such circumstances, the debtor's state of mind is difficult to prove and the inference of

fraudulent intent is generally established through the use of circumstantial evidence." *Am.*

*Express Travel Related Servs. Co. v. Henein*, 257 B.R. 702, 705 (E.D.N.Y. 2001) (citing

*Citibank (South Dakota), N.A. v. Senty (In re Senty)*, 42 B.R. 456, 459 (Bankr. S.D.N.Y. 2004)).

To assist the court in inferring the debtor's intent, courts have adopted a non-exclusive list of

objective or circumstantial factors, including:

> (1) The length of time between the charges and the filing of
> bankruptcy;
>
> (2) Whether an attorney has been consulted concerning the filing
> of bankruptcy before the charges were made;
>
> (3) The number of charges;
>
> (4) The financial condition of the debtor when the charges were
> made;
>
> (5) Whether the charges exceeded the credit limit of the account;
>
> (6) Whether there were multiple charges on the same day;
>
> (7) Whether the debtor was employed;
>
> (8) The financial sophistication of the debtor;
>
> (9) Whether the debtor's spending habits suddenly changed; and
>
> (10)    Whether the purchases were made for luxuries or
> necessities.

*Senty*, 42 B.R. at 460; *Henien*, 257 B.R. at 707.  Other factors that have been considered are the

debtor's lack of ability to repay the debt, *see Bank of America v. Jarczyk*, 268 B.R. 19, 23

(W.D.N.Y. 2001), and whether the debtor was "hopelessly insolvent" at the time the charges

were incurred, *see Pannell*, 27 B.R. at 302.

## C.  The Complaint Pleads Fraud With Particularity

Chase has stated a claim upon which relief may be granted because the facts alleged in

the Amended Complaint "state[s] a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct.

at 1949.  The Amended Complaint is no longer a skeleton; the facts presented in the Amended

Complaint would permit the Court, at trial, to substantiate the conclusory allegation that the Defendant falsely represented or defrauded Chase by accepting the purchases without the intent to repay the charges incurred during the 34-day period.  For example, the Amended Complaint includes facts concerning the number of charges incurred during the period (59), the Defendant's credit limit ($35,000), the Defendant's employment history (unemployed, but the Defendant's husband works as a paralegal), the Defendant's spending habits, the frequency of the charges, and the financial condition of the Defendant (which included debts of $88,182 of unsecured debt on 6 separate creditor cards that required the debtors to remit payments between $1,763 and $2,645 of monthly payments).  As further proof of the Defendant's alleged intent to defraud or make false representations to Chase, the Amended Complaint attaches an account statement indicating the timing, amount and description of the charges incurred by the Defendant during the relevant period.[4]

These facts, which were not considered in connection with the initial motion to dismiss because they were not included on the face of the Initial Complaint, were added to the Amended Complaint.  Such additional facts, as noted in the Opinion, would assist the Court in applying the factors announced in *Senty* and *Henein* to determine whether the Defendant had the requisite intent to defraud Chase or falsely represented her intention to repay.  Thus, the Amended Complaint meets the particularity requirements of Rule 9(b) that requires Chase to plead facts giving rise to the required inference of fraud to sustain the nondischargeability claim under section 523(a)(2)(A).  *See, e.g.*, *In re Leventhal*, 194 B.R. 26, 32 (Bankr. S.D.N.Y. 1996)

---

[4]      The Motion also attaches as an exhibit the *Affidavit of George Vanarthos In Support of the Motion to Dismiss* (the "George Vanarthos Aff."), submitted by George Vanarthos, a co-debtor, but not a defendant in this adversary proceeding.  In light of the Court's decision to deny the Motion because it alleges sufficient facts to state a claim for nondischargeability, the Court will not consider the affidavit (or the accompanying attachments) by the Defendant's co-debtor who is not a party to this adversary proceeding in reaching its decision.  The issues and facts raised in the George Vanarthos Aff. are more appropriately considered on a motion for summary judgment, or at trial, after discovery has closed.

(denying motion to dismiss section 523(a)(2)(A) complaint where complaint alleged that debtor

charged $29,000 at a time when he owed six other creditors $50,000 and had not been employed

for a significant period of time).

Defendant's counsel argued in her Motion and at the hearing that the Defendant's credit

card charges during the 34-day time period were largely for necessary medical expenses, and the

charges were consistent with Defendant's credit card usage in prior time periods.  These facts,

along with others alleged in the Motion, if established at trial, may provide a sufficient defense to

nondischargeability under section 523(a)(2)(A), but the allegations do not support granting a

motion to dismiss.

## CONCLUSION

Unlike the Initial Complaint, the allegations in the Amended Complaint are sufficient to

state a valid claim under section 523(a)(2)(A).  The Amended Complaint alleges sufficient facts

to permit the matter to move forward to the discovery phase.


**IT IS SO ORDERED.**

Dated:  March 7, 2011
        New York, New York


                    _____/s/Martin Glenn_____
                         MARTIN GLENN
                    United States Bankruptcy Judge